UNITED STATES DISTRICT COURT
for the
Middle District of Florida

**ERINN S. BIRDSONG,**

    Plaintiff,

                                        CASE NUMBER:

v.

**HUNTER WARFIELD, INC.,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Erinn S. Birdsong, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA and FFCPA, and to recover damages for Defendant's violations of the FDCPA and FCCPA and therefore would allege as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction Pursuant to 15 U.S.C. §1692k, and 28 U.S.C. § 1331.

3. Venue is proper in this district because the acts and transactions complained of occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, ERINN S. BIRDSONG, a natural person, is a citizen of the State of Florida, residing in Hillsborough County, in the Middle District of Florida.

5. Defendant, HUNTER WARFIELD, INC., is a for-profit corporation organized under the laws of the State of Maryland, with its principal place of business in the Middle District of Florida at 3111 West Dr. Martin Luther King Jr. Boulevard, Suite 200, Tampa, Florida 33607.

6. Defendant, HUNTER WARFIELD, INC., acts as a debt collector as that term is defined by 15 U.S.S. § 1692a, because it regularly uses the mail and/or telephone to collect or attempt to collect consumer debts in the Middle District of Florida in a business the principal purpose of which is the collection of delinquent consumer debts, originally owed to other parties, and was acting as a debt collector with respect to the debt it attempted to collect from Plaintiff..

## FACTUAL ALLEGATIONS

7. Beginning on or before February 2010, and continuing up to and including the present date, Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

8. Beginning on or before February 2010, and continuing up to and including the present date, Defendant placed several telephone calls to Plaintiff in an attempt to collect a debt.

9. On or about Monday, February 8 at approximately 7:52 pm, in an attempt to collect a debt, Defendant called the telephone of Plaintiff, and left the following message:

> "Hello this message is for Erin Birdsong. This is Rick Olson. I can be reached at my office my calling 813-283-4541. It is important that I speak with you as soon as possible. I hope to speak with you today."

10. On or about Tuesday, February 9 at approximately 3:40 pm, in an attempt to collect a debt, Defendant called the telephone of Plaintiff, and left the following message:

> "Hello this message is for Erin Birdsong. This is Rick Olson. I am returning your call. I can be reached at 813-283-4541. I will be here until 8:30 Eastern Time. Thank you."

11. Beginning on or before February 2010, and continuing up to and including the present date, Defendant has left similar or identical messages on other occasions.

12. The messages left by Defendant on Plaintiffs telephone are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*.,

3

Case No. 08-60660-Civ- Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Plaintiff realleges and reincorporates Paragraphs 1 through 13 as if fully set forth herein.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

**WHEREFORE**, Plaintiff, ERINN S. BIRDSONG, prays that this Court:

    a. Declare that Defendant's debt collection practices violate the FDCPA;

    b. Enter judgment in favor of Plaintiff, ERINN S. BIRDSONG, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

    c. Grant such further relief as this court deems just, equitable, and proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16. Plaintiff realleges and reincorporates Paragraphs 1 through 13 as if fully set forth herein.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

**WHEREFORE**, Plaintiff, ERINN S. BIRDSONG, prays that this Court:

    a.    Declare that Defendant's debt collection practices violate the FDCPA;

    b.    Enter judgment in favor of Plaintiff, ERINN S. BIRDSONG, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

    c.    Grant such further relief as this court deems just, equitable, and proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

18. Plaintiff realleges and reincorporates Paragraphs 1 through 13 as if fully set forth herein.

19. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE**, Plaintiff, ERINN S. BIRDSONG, prays that this Court:

   a. Declare that Defendant's debt collection practices violate the FDCPA;

   b. Enter judgment in favor of Plaintiff, ERINN S. BIRDSONG, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

   c. Grant such further relief as this court deems just, equitable, and proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20. Plaintiff realleges and reincorporates Paragraphs 1 through 13 as if fully set forth herein.

21. Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name and that it is a debt collector and the purpose of its communications when Defendant knew it did

not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

**WHEREFORE**, Plaintiff, ERINN S. BIRDSONG, prays that this Court:

a.  Declare that Defendant's debt collection practices violate the FCCPA;

b.  Permanently enjoin Defendant from engaging in the complained of practices;

c.  Enter judgment in favor of Plaintiff, ERINN S. BIRDSONG, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

d.  Grant such further relief as this court deems just, equitable, and proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. Plaintiff realleges and reincorporates Paragraphs 1 through 13 as if fully set forth herein.

23. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

**WHEREFORE**, Plaintiff, ERINN S. BIRDSONG, prays that this Court:

a.  Declare that Defendant's debt collection practices violate the FCCPA;

b.  Permanently enjoin Defendant from engaging in the complained of practices;

c.    Enter judgment in favor of Plaintiff, ERINN S. BIRDSONG, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

d.    Grant such further relief as this court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff, ERINN S. BIRDSONG, demands trial by jury.

Dated this 17 day of March, 2010.

                 By:   s/James S Giardina
                     James S. Giardina, Esq.,
                     Trial Counsel
                     Florida Bar No. 942421
                     Attorney for Plaintiff, Erinn S. Birdsong
                     THE CONSUMER RIGHTS LAW GROUP
                     3802 W Bay to Bay Blvd
                     Suite 11
                     Tampa, FL 33629
                     Telephone: 813-413-5610
                     Facsimile: 866-535-7199
                     James@ConsumerRightsLawGroup.com